NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CAROLYN ROCHE-MORGAN, et al., | : |
| Plaintiffs, | : Civil No. 06-0671 (AET) |
| v. | : **MEMORANDUM & ORDER** |
| ROYAL CARRIBEAN CRUISES, | : |
| Defendant. | : |

THOMPSON, U.S.D.J.

This matter is before the Court on Plaintiffs Carolyn Roche-Morgan and Scott Jay Morgan's Motion to Reinstate Complaint Pursuant to Fed. R. Civ. P. 60(b).  The Court has decided this Motion based upon Plaintiffs' unopposed submissions and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiffs' Motion is granted.

BACKGROUND

On February 14, 2006, Plaintiffs filed a personal injury action against Defendant Royal Carribean Cruises, alleging that Plaintiff Roche-Morgan suffered an injury to her left forefinger while on vacation aboard one of Defendant's cruise ships one year earlier.  However, Plaintiffs did not serve Defendant with a summons and complaint, and, on October 13, 2006, the Court issued a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m).  On November 13, 2006, the Court dismissed Plaintiffs' Complaint without prejudice for lack of prosecution.  On November 13, 2007, Plaintiffs filed the instant Motion.

In support of the Motion, Plaintiffs' counsel, Thomas J. Catley, filed a certification that provides a chronology of the events that resulted in a failure by his office to prosecute Plaintiffs' action.  According to Mr. Catley, the paralegal who was in charge of maintaining the client files related to his office's personal injury and bankruptcy practices, including Plaintiffs', was dismissed from her job in July 2006.  (Catley Cert., ¶¶ 3, 5.)  Since the paralegal's dismissal, Mr. Catley and his staff have been engaged in the process of reviewing the client files for which she was responsible, and are referring those cases to other attorneys, as Mr. Catley's practice no longer includes personal injury actions.  (Id., ¶¶ 6, 9.)  Mr. Catley asserts that he only recently learned of the Court's dismissal of Plaintiffs' action.  (Id., ¶ 8.)  Mr. Catley's certification provides that, if the Complaint were to be reinstated, Plaintiffs plan to retain new counsel and prosecute the action.  (Id., ¶ 9.)

DISCUSSION

A.    Standard of Review

Fed. R. Civ. P. 60(b) provides for relief from a final judgment or order, because of, *inter alia*, "(1) mistake, inadvertence, surprise, or excusable neglect."  To determine whether a party's neglect in serving process upon a defendant and prosecuting its case is excusable, the Court should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (extending the Pioneer factors to an excusable neglect analysis under Fed. R. Civ. P. 60(b)).

B.   Analysis

The Court finds that reinstatement of the action would result in little, if any, prejudice to Defendant. Defendant was never served the summons and complaint, and it does not appear to have incurred any expense, pecuniary or otherwise, in defending this litigation. While it may be difficult for Plaintiffs to commence a negligence claim and conduct discovery relating to an incident that occurred nearly three years ago, it will not be impossible, and the Court finds that any potential impact on judicial proceedings as a result of the delay would be slight. Finally, nothing in the record suggests that the Plaintiffs have acted with anything other than good faith. Accordingly, having considered these factors, the Court will permit Plaintiffs to refile their Complaint and pursue this action.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of January, 2008,

ORDERED that Plaintiffs Carolyn Roche-Morgan and Jay Scott Morgan's Motion to Reinstate Complaint Pursuant to Fed. R. Civ. P. 60(b) [5] is GRANTED.


                                         s/ Anne E. Thompson
                                         ANNE E. THOMPSON, U.S.D.J.